IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS K. WONG,<br><br>Defendant. | Case No. 14-cr-00576-DKW-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
|---|---|

Defendant Curtis K. Wong moves for a reduction in his sentence to time-served or "something else[,]" arguing that a combination of his back condition, the coronavirus pandemic, and the Bureau of Prisons' (BOP) "inability to adequately prevent infection and treat those who are infected" constitutes an "extraordinary and compelling" circumstance justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18. In its opposition, among other things, the government argues that the instant motion should be denied because Wong has failed to exhaust his administrative remedies. In that respect, Wong argues both that circumstances warrant excusing any exhaustion requirement and that he exhausted his administrative remedies by petitioning his warden in April 2019.

The Court disagrees with Wong on both counts. The record here clearly demonstrates that Wong has made *no* attempt to petition his warden with respect to

bringing a motion for reduction of sentence on his behalf due to the coronavirus pandemic. The fact that Wong requested that a motion for reduction of sentence be brought on his behalf in April *2019*–long before the first case of the coronavirus is believed to have reached the shores of the United States–is entirely irrelevant as to whether he has exhausted his administrative remedies with respect to the instant motion. Therefore, because Wong has failed to take any measure to exhaust his administrative remedies, the motion for compassionate release, Dkt. No. 95, is DENIED, as set forth below.

## **RELEVANT BACKGROUND**

On April 20, 2016, Wong was sentenced to 160 months imprisonment after pleading guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine. Dkt. No. 91. In adopting the pre-sentence investigation report (PSR) at sentencing, the Court applied a two-point offense level increase for Wong's role in the offense because he had admitted to "directing and inducing others to perform overt actions to further his drug trafficking." Dkt. No. 93 at ¶ 29; Dkt. No. 92 at 1 (adopting the PSR without change). In addition, the Court adopted the findings in the PSR regarding Wong's criminal history. That history included offenses involving robbery, multiple

instances of domestic violence, harassment, terroristic threatening, theft, disorderly conduct, and assault.   Dkt. No. 93 at ¶¶ 38, 42-43, 48-50, 52-53.

On April 15, 2019, while incarcerated, Wong sent an inmate request to the warden of his prison facility asking for a motion for reduction of sentence, asserting that he had been diagnosed with chronic degenerative disc disease, spinal stenosis, high blood pressure, and sciatica, he was confined to a chair for more than 50% of the day, and his condition was "getting worse."   Dkt. No. 98-1.   On August 2, 2019, the warden denied Wong's request, determining, based upon a review of the medical records, that Wong was not confined to a chair for more than 50% of his waking hours, and he was independent with self-care.   Dkt. No. 97-1.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission.   18 U.S.C. §3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious

physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii). Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]."  *Id*., app. note 1(D).

A motion for reduction of sentence pursuant to Section 3582(c)(1)(A) may be brought either by the Director of the BOP or the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. 3582(c)(1)(A).

## DISCUSSION

Here, it is essentially undisputed that Wong has not even attempted to exhaust his administrative remedies before the BOP, as there is simply no record of him having attempted to do so.   Instead, Wong asks the Court to either (1) assume that he exhausted his administrative remedies by submitting an inmate request in April

4

2019, or (2) waive the exhaustion requirement. Under the circumstances of this case, the Court declines to do either.

First, contrary to Wong's apparent belief, submitting an inmate request for a sentence reduction motion that is entirely unrelated to the reason he now seeks a sentence reduction, namely the existence of the coronavirus pandemic, does not constitute exhaustion. If it did, a prisoner would only ever need to submit one request for a sentence reduction during the entire time he is incarcerated in order to exhaust all future, but distinct, requests. Moreover, Wong's approach makes no sense when the principal point of exhaustion is to give the administrative entity the opportunity to act on the request before presentation to the judiciary. Perhaps understandably, Wong provides no legal support for such a result, *see* Dkt. No. 98 at 2-4, and this Court will not be the first to provide it.

Second, Wong argues that "to whatever extent" he has not exhausted his administrative remedies, this Court should waive the exhaustion requirement. Dkt. No. 95 at 5. As an initial matter, as discussed, there is *no* extent to which Wong has exhausted his administrative remedies. And even if the Court was willing to assume that the requirements of Section 3582(c) were amenable to some form of

5

waiver,[1] Wong has failed to make any reasoned explanation as to why waiver should apply here.  Instead, after citing to a case from this District, he conclusorily asserts that the BOP has not been providing him with care for his medical conditions, the BOP is "incapable" of granting him relief without undue delay, and he would be prejudiced by a delay because contracting the coronavirus would result in serious health consequences.  *Id*.  Wong, however, provides no support for the existence of any of these assertions in this case.  Therefore, the Court rejects Wong's argument that Section 3582(c)(1)(A)'s exhaustion requirement should be waived here.

Finally, although the substance of Wong's motion deserves no attention given the procedural posture set forth above, the Court notes that, even had Wong exhausted his administrative remedies, the instant motion does not present any "extraordinary and compelling" reason for a sentence reduction.  For example, Wong points to no medical condition from which he suffers that places him at high risk from the coronavirus.  Additionally, the BOP has not reported any active cases of coronavirus at Wong's prison facility (FCI Victorville Medium I), *see*

---

[1] The Court notes that, with respect to waiver, Congress included language expressly relieving a prisoner of fully exhausting his administrative remedies.  Notably, a prisoner can avoid exhaustion if he waits 30 days after submitting a request to the BOP.  *See* 18 U.S.C. §3582(c)(1)(A).  As discussed, Wong has failed to avail himself of this escape valve with respect to the relief he seeks here.

6

https://www.bop.gov/coronavirus (last visited June 22, 2020).[2]  Further, Wong's extensive and violent criminal history clearly shows that he is a "danger to the safety" of others in the community, even taking into account his alleged medical conditions.[3]

Accordingly, for the reasons set forth herein, Wong's motion for compassionate release, Dkt. No. 95, is DENIED.

IT IS SO ORDERED.

DATED: June 22, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[2] As of the date of this Order, the BOP reported a total of three cases (two of inmates, one of a staff member) at a different facility in Victorville (FCI Victorville Medium II).

[3] Wong's medical conditions are not new, having been reported in the PSR, see Dkt. No. 93 at ¶¶ 81-82, and, thus, were known at the time of sentencing.  He has not submitted any information updating the Court on the severity of his conditions, reporting on new conditions, or, as indicated above, how such conditions are or might be affected by the coronavirus.