IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS K. WONG,<br><br>Defendant. | Case No. 14-cr-00576-DKW-1<br><br>**ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE** |

Defendant Curtis K. Wong moves, for the second time in less than a year, to convert his remaining sentence to supervised release, arguing that the coronavirus pandemic, in combination with his age, race, medical conditions, and place of incarceration, constitute "extraordinary and compelling" circumstances justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18. Defendant further appears to argue that relevant sentencing factors support his release or should not "outweigh" the above-mentioned circumstances. At the very least, the Court disagrees with the latter. As perhaps suggested by Defendant's brief mention of Section 3553(a), the relevant sentencing factors strongly indicate that no sentence different than the 160-month one imposed here is warranted. As a result, as discussed below, the motion for compassionate release, Dkt. No. 101, is DENIED.

## RELEVANT BACKGROUND

On April 20, 2016, Wong was sentenced to 160 months' imprisonment after pleading guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine.  Dkt. No. 91.  In adopting the pre-sentence investigation report (PSR) at sentencing, the Court applied a two-point offense level increase for Wong's role in the offense because he had admitted to "directing and inducing others to perform overt actions to further his drug trafficking."  Dkt. No. 93 at ¶ 29; Dkt. No. 92 at 1 (adopting the PSR without change).  In addition, the Court adopted the findings in the PSR regarding Wong's criminal history.  That history involved an almost adult-life-long litany of offenses including robbery, multiple instances of domestic violence, harassment, terroristic threatening, theft, disorderly conduct, and assault.  Dkt. No. 93 at ¶¶ 38, 42-43, 48-50, 52-53.[1]  After weighing the relevant sentencing factors under Section 3553(a) of Title 18, the Court varied downwards, sentencing Wong to 160 months' imprisonment.  Dkt. No. 92.[2]

---

[1] In addition, the PSR reflects that although Wong was then 49-years-old, he had only been employed for somewhere between 4 and 5 years of his adult life.  Dkt. No. 93 at ¶¶ 97-100.
[2] Wong's guideline imprisonment range was 188 to 235 months.  Dkt. No. 93 at ¶ 103.

On December 9, 2020, Wong filed the instant motion for compassionate release, his second premised upon the coronavirus. Dkt. No. 101.[3] The government has filed a response to the motion, Dkt. No. 105, and Wong a reply, Dkt. No. 109. In addition, on January 5, 2021, Wong filed an update with respect to his motion for compassionate release. Dkt. No. 111. Therein, Wong reported having tested positive for the coronavirus on December 24, 2020. At the same time, Wong also submitted for the Court's review updated medical records current through January 4, 2021.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

---

[3] The Court denied Defendant's first motion, principally due to his failure to exhaust administrative remedies. *See* Dkt. No. 99 at 4-6.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii). Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]." *Id*., app. note 1(D). With respect to the latter, the "extraordinary and compelling reason" must be "determined by the Director of the Bureau of Prisons…." *Id*.

## DISCUSSION

Here, the Court finds that the instant motion for compassionate release can be decided by reference to the Section 3553(a) factors, which even Wong appears to agree apply to his motion. *See* Dkt. No. 101 at 11-12.[4][5] Put simply, those

---

[4]The Court, thus, assumes, without deciding, that Defendant has exhausted his administrative remedies with respect to the relief he seeks in the instant motion.

[5]In his motion, Defendant also contends that the Court has adopted an incorrect legal standard for addressing compassionate release motions and a "totality of the circumstances" approach should be used. Dkt. No. 101 at 3-5. Contrary to Defendant's assertions, a recent, albeit unpublished, Ninth Circuit ruling suggests otherwise. *See United States v. Arceneaux*, 830 F. App'x 859 (Mem) (9th Cir. Dec. 8, 2020) (observing that a motion for compassionate release may only be granted if a defendant is not a danger to others or the community). In any event, even if Defendant's approach was the correct one, Defendant fails to acknowledge that the result of his motion would be no different. That is because, while advocating for a "totality of the circumstances" approach, Defendant only seriously takes into consideration *one*

4

factors do not support a sentence any less than the one originally imposed in this case.[6]  Notably, in addressing the Section 3553(a) factors, Wong does not point the Court to anything that was not considered at the time of sentencing.  *See* Dkt. No. 101 at 11.[7]  As set forth above, Wong's adult life has been littered with numerous criminal offenses and virtually empty of regular employment.  In addition, the PSR reflects that Wong has serious substance abuse issues, Dkt. No. 93 at ¶ 89, which he fails to mention in his motion for compassionate release, and apparently has yet to even begin to address.  Wong also admits to having served a mere 57% of his original sentence.  Those factors weigh against any finding that Wong should be released prematurely, whether or not a totality of the circumstances approach is used.  Moreover, while Wong asserts that the drug quantity involved in his offense (approximately a pound of "ice" and another pound and a half of generic methamphetamine) was at the "low end" of the relevant range, Dkt. No. 101 at 11, in varying downwards, the Court took into

---

circumstance−the coronavirus pandemic.  When taken in totality, as Defendant urges, *all* of the circumstances of this case dictate a sentence no different than the one originally imposed.
[6]The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).
[7]In his reply, Defendant adds that, in the context of a compassionate release motion, the Section 3553(a) factors are "repurposed" to determine whether "Covid-19 is an extraordinary and compelling reason" to release him.  Dkt. No. 109 at 8-9.  Notably missing in Defendant's argument, however, is mention of any of the Section 3553(a) factors and how they support his release.  Instead, Defendant appears to assume that, because the coronavirus exists, he should be released from his sentence.  The Court disagrees for the reasons discussed herein.

account the quantity of the drugs involved, *see* Dkt. No. 92 at 3.  That is a reason why he got 160 months and not something higher.  To reduce his sentence again, for the same reason, would be double-counting, of sorts.  Finally, while the Court acknowledges that Wong has now tested positive for the coronavirus, and has reviewed the updated medical records he has submitted, that does not alter the Court's conclusion that his release is not justified under all of the circumstances and factors of this case.

Accordingly, Wong's motion for compassionate release, Dkt. No. 101, is DENIED.

IT IS SO ORDERED.

DATED: January 6, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge