IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, Plaintiff, v. CURTIS K. WONG, Defendant. | Case No. 14-cr-00576-DKW-1 **ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE** |
|---|---|

For the third time in 15 months, Defendant Curtis K. Wong moves for compassionate release from his sentence, pursuant to Section 3582(c)(1)(A)(i) of Title 18, arguing that he should be placed on supervised release due to the coronavirus, various medical conditions with which he alleges affliction, and his record while in prison. As indicated, though, this is not the first time Wong has filed a motion for compassionate release, and it is not the first time that he has made the exact or similar arguments. And, as before, the Court remains unconvinced that Wong's 160-month methamphetamine distribution-related sentence should be disturbed. Therefore, as more fully discussed below, Defendant's motion for compassionate release, Dkt. No. 117, is DENIED.

## **RELEVANT BACKGROUND**

As detailed in a prior Order, Dkt. No. 114 at 2, on April 20, 2016, Wong was sentenced to 160 months' imprisonment after pleading guilty to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine.  Dkt. No. 91.  In adopting the pre-sentence investigation report (PSR) at sentencing, the Court applied a two-point offense level increase for Wong's role in the offense because he admitted to "directing and inducing others to perform overt actions to further his drug trafficking."  Dkt. No. 93 at ¶ 29; Dkt. No. 92 at 1 (adopting the PSR without change).  In addition, the Court adopted the findings in the PSR regarding Wong's criminal history.  That history included an almost adult-life-long litany of offenses, such as robbery, multiple instances of domestic violence, harassment, terroristic threatening, theft, disorderly conduct, and assault.  Dkt. No. 93 at ¶¶ 38, 42-43, 48-50, 52-53.[1]  After weighing the relevant sentencing factors under Section 3553(a) of Title 18, the Court varied downwards from Wong's guideline range of 188 to 235 months, sentencing Wong to 160 months' imprisonment.  Dkt. No. 92; Dkt. No. 93 at ¶ 103.

---

[1] In addition, the PSR stated that, although Wong was then 49 years-old, he had only been employed for somewhere between 4 and 5 years of his adult life, principally as a result of his repeated terms of incarceration.  Dkt. No. 93 at ¶¶ 97-100.

2

On May 29, 2020, Wong filed his first motion for compassionate release, Dkt. No. 95, which the Court denied principally due to his failure to exhaust administrative remedies, Dkt. No. 99. On December 9, 2020, Wong filed a second motion for compassionate release (second motion). Dkt. No. 101. On January 7, 2021, the Court denied the second motion on one principal ground: the sentencing factors under Section 3553(a) of Title 18 did not support a sentence other than the one originally imposed. Dkt. No. 114.

On August 11, 2021, Wong filed the instant third motion for compassionate release (third motion). Dkt. No. 117. Wong also filed a motion to seal his medical records. Dkt. No. 118. Although a briefing schedule on the third motion was set, Dkt. No. 119, the government failed to file a timely response to the same. There has also been no response to the motion to seal. On August 26, 2021, Wong filed an "Update[,]" advising that he had been transferred to FCI La Tuna in El Paso County, Texas. Dkt. No. 120.

This Order follows.

## **LEGAL STANDARD**

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, when: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers

the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).[2]

## DISCUSSION

Wong's third motion is, in effect, a motion for reconsideration of the denial of his second motion.  Accordingly, Wong points the Court to several "new" facts and legal error related to the Court's prior determinations that Wong believes dictate a different outcome.  None of this information, however, is significant.

For instance, Wong is simply incorrect in suggesting that the Court denied his second motion due to the application of an incorrect legal standard that has since been clarified by *Aruda*.  Any *rational* reading of the order denying the second motion would reveal that the Court explicitly found that a reduction in sentence was not warranted because of the Section 3553(a) factors−the same factors Wong concedes apply in this situation.  As important, unlike Wong, who focused and still largely focuses upon only one factor−the coronavirus pandemic−the Court reached its determination after considering all of the circumstances presented and the relevant sentencing factors−precisely what

---

[2] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions such as this one brought by a defendant under Section 3582(c)(1)(A).  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Section 3582(c) and the Ninth Circuit require.  *See* 18 U.S.C. 3582(c)(1)(A)(i); *United States v. Aruda*, 993 F.3d 797, 799-800 (9th Cir. 2021) (describing the requirements for a motion under Section 3582(c)(1)(A)).

Further, the Court does not find that the new facts presented in the third motion change the calculus with respect to Wong's sentence.  For the first time, Wong *argues* that he suffers from sleep apnea.[3]  Dkt. No. 117 at 13-18.  The Court does not find this information, or its combined effect with Wong's other medical conditions, moves the needle.  In no small part this is because Wong has been transferred to a prison facility (FCI La Tuna) with a total of three current reported cases of the coronavirus, only one of which is of a prisoner, in a facility of 820 inmates.  *See* https://www.bop.gov/coronavirus (last visited September 2, 2021); https://www.bop.gov/locations/institutions/lat (last visited September 2, 2021).  This is significantly better, as Wong observes in his Update, than if he was released into the general population of surrounding El Paso County or even the County of Honolulu where it appears Wong ultimately plans to locate himself if he was to be released.  *See* https://covid.cdc.gov/covid-data-tracker/#county-view (reporting 782 cases in El Paso County and 4,304 cases in Honolulu County during

---

[3] This condition, however, was *noted* in the medical records filed with the second motion.  *See* Dkt. No. 108 at 128.

5

the past 7 days alone) (last visited September 2, 2021). Therefore, the Court does not find an extraordinary circumstance in Wong's medical conditions and/or his place of incarceration.[4]

The Court also does not find that Wong's completion of various programs and/or courses run by the Bureau of Prisons (BOP) constitutes a reason to reduce his sentence, let alone an extraordinary circumstance. Put simply, the Court would be disappointed if Wong had not availed himself of any voluntary courses available to him or refused to participate in courses recommended by his sentence or mandated by the BOP. Completion of those courses or programs is, thus, an expected circumstance, not an extraordinary one.

Finally, as the Court observed in denying the second motion, Wong again, despite his lengthy briefing, largely ignores other relevant sentencing factors, such as his offense and characteristics. The Court, however, has not ignored those factors, which include Wong's numerous prior criminal offenses, the violence present within those offenses, his minimal employment history, the drug and drug quantity involved in his offense, and his role in the offense, all of which were taken into account in reaching the Court's downward variance in the first place. The

---

[4] For purposes of this motion, the Court also places no bearing on Wong's decision to decline a coronavirus vaccination. To be clear, for present purposes, the Court does not find this information to "undercut[]" the third motion, as Wong appears to fear it might. See Dkt. No. 117 at 23-32.

Court, therefore, once again finds that a reduced sentence is not justified under *all* of the circumstances and factors of this case.

Wong's motion for compassionate release, Dkt. No. 117, is DENIED. With good cause appearing, and there being no stated opposition, Wong's motion to seal, Dkt. No. 118, is GRANTED. Wong is directed to file the relevant exhibit under seal and the same shall be kept under seal until further order of this Court.

IT IS SO ORDERED.

DATED: September 2, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

United States of America v. Curtis Wong; CR 14-00576 DKW-1; **ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE**